Filed 4/22/13  P. v.Voishvillo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREI VOISHVILLO,<br><br>    Defendant and Appellant. | 2d Crim. No. B242862<br>(Super. Ct. No. 1253306)<br>(Santa Barbara County) |

Andrei Voishvillo appeals a judgment extending his commitment to the State Department of State Hospitals (SDSH) for treatment as a mentally disordered offender (MDO) (Pen. Code, §§ 2962, 2970), following his 2008 conviction for battery by gassing (§ 243.9).[1]  We conclude, among other things, that:  1) substantial evidence supports the finding that Voishvillo suffers from a severe mental disorder, and 2) Voishvillo has not shown that the trial court misunderstood the People's burden of proof.  We affirm.

FACTS

In 2008, Voishvillo pled guilty to one count of battery by gassing.  He was sentenced to two years in state prison.  In 2009, the Board of Parole Hearings (BPH) determined that he met the requirements for commitment for treatment as an MDO.  He

---

[1] All statutory references are to the Penal Code.

received treatment at the Atascadero State Hospital (ASH) and his commitment was extended.

On November 21, 2011, the ASH medical director notified the Santa Barbara County District Attorney that Voishvillo's "severe mental disorder is not in remission and cannot be kept in remission" unless his treatment is continued.

On December 12, 2011, the district attorney filed a petition requesting the superior court to extend Voishvillo's commitment as an MDO. (§ 2970.)

At trial, Brandi Matthews, a psychologist at ASH, testified that Voishvillo suffers from "schizophrenia, paranoid type," a severe mental disorder which is not in remission. Voishvillo represents "a substantial danger of physical harm to others." He hears voices and is "experiencing paranoia that's at a psychotic level." He believed "staff was trying to kill him." He was "delusional." He claimed someone was "banging [his] wife," but he was never married. Matthews said, "He has had multiple incidents of engaging in violent behavior." Voishvillo had physically attacked hospital staff and needed to be restrained.

Matthews said that "[e]ven when [Voishvillo] is medicated, he [has] a history of engaging in violent behavior." Voishvillo also has Asperger's, a developmental disorder, which would not qualify as a severe mental disorder. But his "history of exhibiting psychotic symptoms" goes "far beyond" Asperger's. His behavior from 2008 shows symptoms of schizophrenia.

In the defense case, Jessica Mosich, an ASH psychologist, testified Voishvillo's "case is very complex." Voishvillo has Asperger's. Mosich said, "He scored high in the same subtests that other people with Asperger's typically score high in, and low in the subtests that people with Asperger's typically score low in." On cross-examination, she said Voishvillo's treatment team in February 2012 diagnosed him with "schizophrenia paranoid type." The prosecutor asked, "[Y]ou haven't reviewed all of the material necessary in order to really determine whether Mr. Voishvillo does not suffer from schizophrenia, isn't that true?" Mosich: "I haven't

2

reviewed all of the information."  The prosecutor:  "[Y]ou can't say that Dr. Matthews' opinion about Mr. Voishvillo suffering from a severe mental disorder, specifically schizophrenia and paranoia, is incorrect?  You can't say that?"  Mosich:  "No. I don't."

Bobby Thrani, a clinical psychologist at ASH, testified that Voishvillo suffers from Asperger's syndrome.  There was no indication that he suffers from schizophrenia.  On cross-examination, he said Voishvillo's statement to staff that he heard voices "could be" consistent "with someone who suffers from paranoid schizophrenia."

Robert Zeszotarski, an ASH psychiatrist, testified that Voishvillo has "Axis 1 alcohol abuse and Asperger's disorder."  Voishvillo does not "suffer from schizophrenia."  The trial court asked, "[C]an you have a developmental disability that is so extreme that it can be characterized as a severe mental disorder?"  Zeszotarski: "Well, in certain cases those conditions are actually considered severe mental disorder." He said that Voishvillo's threats against ASH staff "could be" consistent with Asperger's and "could be" consistent with schizophrenia paranoid type.

In rebuttal, David Fennell, M.D., the director of forensics at ASH, testified that he agreed with Matthews' assessment that Voishvillo's symptoms were consistent with both Asperger's and schizophrenia paranoid type.

The trial court found there was sufficient evidence for an extended commitment at ASH.  It said, "[T]he testimony of Doctors Matthews and Fennell were persuasive in terms of convincing me that he suffers from a severe mental disorder."

DISCUSSION

*Substantial Evidence*

Voishvillo contends there is insufficient evidence to support the trial court's finding that he suffers from a severe mental disorder.  We disagree.

In determining the sufficiency of the evidence, we review the record in the light most favorable to the judgment drawing all reasonable inferences in support of the trial court's findings.  (*People v. Clark* (2000) 82 Cal.App.4th 1072, 1082.)  Continued

3

involuntary treatment requires a finding that the individual "has a severe mental disorder" that is not in remission and that he or she "represents a substantial danger of physical harm to others." (§ 2970.)

Voishvillo notes that his experts testified that he suffers from Asperger's, which is not a severe mental disorder. But the issue is not whether some evidence supports his position; it is whether substantial evidence supports the judgment. The testimony of Matthews and Fennell supports the trial court's finding that he suffers from a severe mental disorder. They were qualified medical experts. Voishvillo has not shown why the court could not rely on their opinions about his mental disorder. (*People v. Ward* (1999) 71 Cal.App.4th 368, 374.)

Voishvillo contends the trial court should have given greater weight to the testimony of his experts because they treated him. He argues that Matthews' and Fennell's testimony is less credible because they did not have sufficient direct contact with him. But we do not reweigh the evidence, and "'"'it is the exclusive province of the trial judge . . . to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends.'"'" (*People v. Clark*, *supra*, 82 Cal.App.4th at p. 1083.) Voishvillo suggests the court had to accept the opinions of his experts that he only had Asperger's. But the trier of fact "may disregard the expert's opinion, even if uncontradicted, and draw its own inferences from the facts." (*Kennemur v. State of California* (1982) 133 Cal.App.3d 907, 923.)

Here Mosich conceded that she did not review all the material necessary to conclude that Voishvillo did not suffer from schizophrenia. She said she was unable to testify that Matthews' opinion was incorrect. Thrani said Voishvillo's statements that he heard voices "could be" consistent with paranoid schizophrenia. Zeszotarski said Voishvillo's threats against staff could be consistent with schizophrenia paranoid type. This portion of their testimony does not conflict with the opinions of Matthews and Fennell. The trial court could accept these facts and reject the defense experts' ultimate

4

conclusions. (*Kennemur v. State of California*, *supra*, 133 Cal.App.3d at p. 923.) The evidence is sufficient.

*The People's Burden of Proof*

Voishvillo contends that during trial the trial court made remarks indicating it did not understand that the People had to present proof beyond a reasonable doubt. He suggests the court consequently applied a different standard of proof. We disagree.

Voishvillo notes that during trial the trial court made the following remarks: "[T]his Court is not required to decide that the correct diagnosis is one or the other. I don't have the capacity to do that, the professionals can't agree on it." "[W]e're all struggling . . . . [I]sn't it a concern where there is . . . some uncertainty about whether the primary diagnosis is one or the other, isn't it of some concern how he's going to be treated if he's released? And shouldn't there be a plan in place?"

Voishvillo suggests these remarks and others show the trial court did not know the standard was proof beyond a reasonable doubt. But these comments were made during counsel's oral arguments. They were questions, responses to counsel and rhetorical statements. The court understood the correct burden of proof. It said, "All that is necessary in terms of *the prosecution's burden of proof* is I conclude *beyond a reasonable doubt* that Mr. Voishvillo suffers from a severe mental disorder." (Italics added.) The court's tentative or earlier remarks will not impeach the judgment where its ultimate material findings are supported by substantial evidence. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268; *Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780, fn. 7; see also *Jermstad v. McNelis* (1989) 210 Cal.App.3d 528, 552.) There is no error if the earlier remarks conflict with its ultimate conclusion because the court may change its prior rulings at any time before entry of judgment. (*Shaw*, at p. 268; *Horning v. Shilberg* (2005) 130 Cal.App.4th 197, 203.) Here the court ultimately found that Matthews' and Fennell's testimony was "persuasive in terms of

5

convincing [it] that [Voishvillo] suffers from a severe mental disorder."  That finding is supported by substantial evidence.

We have reviewed Voishvillo's remaining contentions and we conclude he has not shown error.

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.


6

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.